Guers Dairy, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Milk Marketing Board, Respondent.

Argued May 9, 1985, before Judges Doyle and Colins and Senior Judge Barbieri, sitting as a panel of three.

*Donn L. Snyder,* for petitioner.

*Daniel T. Flaherty, Jr.,* Chief Counsel, for respondent.

Opinion by Senior Judge Barbieri, June 25, 1985:

Guers Dairy, Inc., appeals here an order of the Pennsylvania Milk Marketing Board (Board). That order revoked Guers' milk dealer's license for the licensing year 1984-1985.[1] We affirm.

The facts of this case are undisputed. During the month of December 1983, Guers allowed several of its customers discounts on quantity purchases of milk in excess of those permitted in the Board's Official General Order (OGO) No. A-844A.[2] Guers was also alleged to have improperly billed customers for milk purchases under OGO No. A-844A and improperly

[1] On October 17, 1984, the Board granted Guers a supersedeas of its September 21, 1984 revocation order during the pendency of this appeal. As a result of that supersedeas, Guers has been able to continue in business pending our resolution of this appeal.

[2] OGO No. A-844A, effective January 13, 1982, establishes minimum prices for milk and milk products for the Northeastern Milk Marketing Area, Area 3.

reported its packaged purchases and sales of milk to and from other dealers. Guers was cited for violating Section 807 of the Milk Marketing Law (Law)[3] in March 1984. A hearing was held on May 1, 1984 after which a Board hearing examiner found that Guers had violated the Milk Marketing Law and proposed that Guers' milk dealer's license be suspended for ninety-six days or, in lieu of the suspension, that Guers be given the opportunity of paying a penalty of $4,-800.[4] On September 21, 1984, the Board adopted the hearing examiner's findings and conclusions but rejected the recommended penalty. Rather, the Board ordered Guers' milk dealer's license be revoked for the 1984-1985 licensing year.[5] Guers filed a timely petition for review from that order.

In this appeal, Guers contends that (1) the Board erred as a matter of law when it considered Guers' prior violations of the law in arriving at its decision to revoke its milk dealer's license; and (2) the penalty imposed, license revocation, is so harsh and excessive in relation to the violations found that it amounts to an arbitrary and capricious act and an abuse of discretion. In reviewing Guers' contentions, we are cognizant that our scope of review of an

[3] Act of April 28, 1937, P.L. 417, as amended, 31 P.S. §700j-807. This provision makes it unlawful for milk dealers to sell milk below the minimum prices or above the maximum prices set by the Board.

[4] Section 404.1 of the Law, 31 P.S. §700j-404.1, provides that in cases where the Board suspends a license, the Board may accept from the licensee an offer of compromise at the rate of fifty dollars per day for each day of the suspension as a penalty in lieu of the suspension and thereby rescind the suspension. The alternate penalty of $4,800 proposed by the hearing examiner was calculated under this provision. ($50/day times 96 days equals $4,800).

[5] In making its decision to reject the hearing examiner's proposed penalty and deciding instead to revoke Guers' milk dealer's license for one year, the Board made specific reference to Guers' prior violations and the need for some punitive action against Guers in response to those recurring violations.

agency adjudication is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed, or whether any constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Schuman's Village Square Drugs, Inc. v. State Board of Pharmacy,* 13 Pa. Commonwealth Ct. 456, 320 A.2d 377 (1974).

Since Guers did not press its first contention and its counsel stated at oral argument that it was relying *entirely* upon the second contention,[6] we will pass on to Guers' second contention which is that the penalty which the Board ultimately imposed upon it, license revocation, is so unduly harsh and excessive in relation to the present violations that it amounts to an abuse of discretion. Guers' concedes that Section 404(10) of the Law, 31 P.S. §700j-404(10), specifically authorizes the Board to revoke a milk dealer's license for violating provisions of the Act or any of the rules, regulations, or orders of the Board. Guers argues, however, that the severe sanction of license revocation has only been used in the past by the Board in cases involving a dealer's failure without reasonable cause to make timely payments for milk purchased. *See Pennsylvania Milk Marketing Board v. Keystone Dairy Co.,* 19 Pa. Commonwealth Ct. 45, 338 A.2d 700 (1975). It also argues that the sanction is grossly disproportionate to the *de minimis* nature of the current violations of which it was found guilty.

---

[6] In passing, however, we note that issues such as those involved in Guers' first contention have been resolved against it. *See NLRB v. Seven-Up Bottling Co.,* 344 U.S. 344 (1953) (NLRB is not confined to the record of a single proceeding in deriving a remedy) ; *Market Street Railway v. Railroad Commission,* 324 U.S. 548 (1945) (Commission could properly use revenue figures provided by the company in its monthly reports filed with the Commission but not admitted into evidence in hearings before the Commission).

In carrying out the avowed purposes of the Law, the General Assembly has vested broad discretion in the Board. One of those purposes is to ensure the producers of milk a price which will enable them to produce an ample supply of good and wholesome milk by eliminating price wars between dealers or price gouging of consumers. *Louden Hill Farm, Inc. v. Pennsylvania Milk Control Commission*, 84 Dauph. 46 (Pa. C.P. 1965), *aff'd*, 420 Pa. 548, 217 A.2d 735 (1966). To further that purpose, the Board has promulgated orders, such as OGO No. A-844A, which sets prices below which dealers may not sell milk. The Law also provides the Board, in Section 807, with broad discretion to determine the appropriate penalties to mete out to those dealers who violate either the provisions of the Law or the rules, regulations, or orders of the Board.

When reviewing the discretionary acts of an agency, we will only overturn the agency's action where the agency acts in bad faith, fraudulently, capriciously or committed an abuse of discretion. *Kerbeck v. Department of Transportation*, 74 Pa. Commonwealth Ct. 300, 302, 459 A.2d 908, 909 (1983); *Holloway v. Department of Public Welfare*, 67 Pa. Commonwealth Ct. 6, 9, 445 A.2d 1329, 1331 (1982). Where an agency has been vested with broad discretionary power, as has the Board, we will only find that the Board made an arbitrary, capricious or unreasonable determination in the absence of substantial evidence to support that determination. *Appeal of Mutual Supply Co.*, 366 Pa. 424, 426, 77 A.2d 612, 614 (1951); *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 57-58, 484 A.2d 413, 418 (1984).

Our review of the record before us convinces us that there is substantial evidence to support the Board's order revoking Guers' milk dealer's license.

Initially, Guers concedes that the present violations of the Law of which it was found guilty are true. Guers also concedes that the previous violations of the Act, which the Board considered in arriving at the license revocation penalty, did in fact occur. The Board's sanction of license revocation is clearly permitted under Section 807 of the Law and its decision to do so, in light of Guers' present and past admitted violations of the Law and of Board orders regarding pricing of milk, is clearly supported by substantial evidence. The sanction is not so severe in light of Guers' history of violations of the Law that it amounts to an abuse of discretion.

Accordingly, we will affirm the Board's order.

ORDER

AND Now, this 25th day of June, 1985, the order of the Pennsylvania Milk Marketing Board at Legal Docket No. C-84-7, dated September 21, 1984, which revoked the milk dealer's license of Guers Dairy, Inc., for the licensing year 1984-1985, is hereby affirmed.