555 A.2d 288

The Peoples Natural Gas Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

60

Argued November 1, 1988, before President Judge CRUMLISH, JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Dennis J. Lewis*, with him, *Robert M. Lucas* and *Laura A. Meaden, Alder, Cohen* & *Grigsby, P.C.*, and *William P. Boswell*, for petitioner.

*Patricia Krise Bilzi*, Assistant Counsel, with her, *Bohdan R. Pankiw*, Deputy Chief Counsel and *Daniel P. Delaney*, Chief Counsel, for respondent.

*Kenneth Zielonis*, with him, *Norman James Kennard, Tucker Arensberg, P.C.*, for Apollo Gas Company, intervenor.

*Bernard A. Ryan, Jr., Dechert, Price* & *Rhoads*, for Eljer Plumbingware Division, Household Manufacturing, Inc., intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 7, 1989:

Peoples Natural Gas Company (Peoples) appeals a Pennsylvania Public Utility Commission (Commission) order granting Apollo Gas Company (Apollo) a temporary certificate of public convenience. We reverse.

This action arises from this Court's June 3, 1988 en banc Order and Opinion in *Peoples Natural Gas Co. v. Pennsylvania Public Utility Commission,* 116 Pa. Commonwealth Ct. 512, 542 A.2d 606 (1988) (COLINS, J., dissenting) *(Peoples I).* Although the factual and procedural history are detailed in that opinion, a brief review is necessary.

## HISTORY

Peoples initially appealed a Commission order authorizing Apollo to serve Eljer Plumbingware's (Eljer) Ford City plant. This Court held that Apollo's acceptance of a certificate of public convenience on the condition that it "confine and restrict" service to three plants *other than* Eljer's, limited its service to the terms of that certificate. We held, therefore, that Apollo was unable to service the Eljer plant.

Approximately two weeks after our Order, Apollo applied for a *temporary* certificate of public convenience, seeking authorization to serve the Ford City "public." Eljer and Apollo then filed a joint petition for issuance of an interim emergency order, seeking immediate authority to serve the area, including Eljer's plant.

Four days after a hearing on the joint petition, Administrative Law Judge LOUIS COCHERES recommended that the commission deny the petition because neither Apollo nor Eljer proved the existence of an emergency or irreparable harm. The Commission, however, entered an opinion and order granting the joint petition and issuing

Apollo a temporary certificate of convenience. It is from this order that Peoples appeals.[1]

On appeal, Peoples contends that the commission erred in granting the temporary certificate, because Apollo and Eljer failed to prove an emergency; that a temporary certificate cannot be issued to a fixed utility; and that the Commission's order is in direct contravention of this Court's Order in *Peoples I*, thereby violating Peoples' due process rights. The Commission and intervenors counter that this appeal should be quashed as interlocutory.

## APPEALABILITY

The Commission moves to quash the appeal, contending that its order is interlocutory and, therefore, not appealable. We disagree.

In *Bollinger v. Obrecht et al.*, 122 Pa. Commonwealth Ct. 562, 552 A.2d 359 (1989), this Court examined the requisite criteria of appealability. An appeal will lie only from a final order unless otherwise permitted by statute or rule. *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985); Pa. R.A.P. 341(a).[2] A final order is one that (1) ends the litigation or disposes of the entire case; (2) effectively puts a litigant "out of court"; or (3) precludes a party from presenting the merits of his or her claim to the tribunal. *Nigro v. Nigro*, 371 Pa. Superior Ct. 625, 538 A.2d 912 (1988).

---

[1] As in *Peoples I*, Eljer and Apollo (intervenors) intervene on behalf of the Commission.

[2] Orders not considered as final may be nonetheless appealable under the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949); *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Having determined that the order is "final," we need not consider whether the order is an appealable interlocutory order. *Bollinger.*

In *Brinks, Inc. v. Pennsylvania Public Utility Commission*, 68 Pa. Commonwealth Ct. 196, 448 A.2d 709 (1982) (*Brinks I*), the holder of an armored car service contract appealed the Commission's temporary authority grant to a rival carrier. This Court held that a temporary grant of authority must be regarded as a final and appealable order, because the practical effect of such an order would put protestants "out of court" without an opportunity to review. *Id.* at 200, 448 A.2d at 711.

Similarly in this case, Peoples, the protestant, is put "out of court" by the Commission's grant of a temporary certificate of public convenience for the life of that certificate. Accordingly, we deny the Commission's motion to quash.

## MERITS

We turn to the merits, keeping in mind that our scope of review is limited to a determination of whether the Commission's findings of fact are supported by substantial evidence and whether the Commission committed an error of law or violated constitutional rights. *Barasch v. Pennsylvania Public Utility Commission*, 507 Pa. 561, 493 A.2d 653 (1985).

Peoples initially contends that Section 1103(d) of the Public Utility Code (Code), 66 Pa. C. S. §1103(d), permits the Commission to issue a temporary certificate only upon a showing of an emergency and pursuant to its own regulations and procedures. Peoples argues that the Commission's grant of a temporary certificate to Apollo deviated from its regulations and procedures and was, therefore, an administrative abuse of discretion. *See Peoples I.*

Section 1103(d) provides:

(d) **Temporary authority.**—Except during the threat or existence of a labor dispute, the commission *under such regulations as it shall prescribe*

may, without hearing, in proper cases, consider and approve applications for certificates of public convenience, and *in emergencies* grant temporary certificates under this chapter, pending action on permanent certificates; but no applications shall be denied without right of hearing thereon being tendered to the applicant. (Emphasis added.)

This section clearly limits the Commission's authority to grant temporary certificates (1) during an "emergency," and (2) according to its regulations.

The Commission has promulgated regulations, at 52 Pa. Code §3.7, setting forth the criteria necessary to issue emergency orders. That section provides:

**§3.7 Issuance of interim emergency orders.**

(a) An administrative law judge or presiding officer may issue an interim emergency order upon finding that·*all of the following* exist:

(1) The petitioner's right to relief is clear.

(2) The need for relief is immediate.

(3) The injury would be irreparable if relief is not granted.

(4) The relief requested is not injurious to the public interest. (Emphasis added.)

Here, the ALJ expressly found that no emergency existed. The Commission's reversal of the ALJ was based primarily on the testimony of Eljer's plant manager, who testified that if Eljer were not able to purchase gas from competing suppliers (Peoples and Apollo), a proposed plant expansion would be relocated to Eljer's Mississippi plant, thus resulting in a net loss of jobs and economic hardship in Ford City.

In *Brinks, Inc. v. Pennsylvania Public Utility Commission*, 76 Pa. Commonwealth Ct. 496, 464 A.2d 639 (1983) (*Brinks II*), this Court reversed the Commission's temporary grant of authority because the Commission failed to find the existence of an emergency. We held that

a finding that economic detriment would result if the temporary grant were not issued did not amount to an "emergency" as a matter of law. After a review of the record, we agree with the ALJ's determination that the record is devoid of evidence of an emergency. At best, adverse economic effects are speculative. Therefore, the Commission's order was not supported by substantial evidence.

The Commission, however, argues that the granting of a certificate of public convenience is a purely legislative function and wholly discretionary. Nonetheless, the Commission's action was based on the section authorizing *temporary* grants of authority in *emergencies*; its powers to grant temporary certificates must be limited to those situations and governed by those procedures prescribed by statute.

In concluding, we note that this Court's Order and Opinion in *Peoples I* clearly indicated that Apollo and Eljer were not legally entitled to contract for gas service due to the strict limitations of Apollo's certificate of public convenience. The Commission, with full knowledge that its prior order in *Peoples I* was an abuse of discretion and in contravention of the ALJ's determination that Apollo and Eljer failed to prove the existence of an emergency, nonetheless granted the temporary certificate. While the Commission may have been motivated by the laudable desire to facilitate manufacturing and commerce in the Commonwealth, we cannot conclude that an economic threat of the loss of a proposed plant *expansion* amounts to the clear, immediate and irreparable injury required by the Commission's own regulations. We agree with Peoples that Apollo attempted to circumvent this Court's previous Order. Accordingly, we reverse the Commission and vacate its grant of the temporary certificate of public convenience.

ORDER

The corrected order of the Pennsylvania Public Utility Commission, No. A-00120450, entered July 15, 1988, is reversed. The temporary certificate of public convenience and the Interim Emergency Order granted therein are vacated.