567 A.2d 642

The PEOPLES NATURAL GAS COMPANY

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION.

Appeal of PENNSYLVANIA PUBLIC UTILITY COMMISSION; Apollo Gas Company; Eljer Plumbingware Division, Household Manufacturing, Inc., and T.W. Phillips Gas and Oil Company.

Supreme Court of Pennsylvania.

Argued Sept. 26, 1989.

Decided Dec. 21, 1989.

Patricia Krise Burket, Asst. Counsel, Pennsylvania Public Utility Com'n, Harrisburg, for Pennsylvania Public Utility Com'n.

Norman James Kennard, Kenneth Zielonis, Tucker Arensberg, P.C., Harrisburg, for Apollo Gas Co.

Bernard A. Ryan, Jr., Dechert, Price & Rhoads, Harrisburg, for Eljer Plumbingware Div.

Walter A. Bunt, Jr. and Bruce Wiegand, Kirkpatrick & Lockhart, Pittsburgh, for T.W. Phillips Gas and Oil Co.

Dennis J. Lewis, Alder, Cohen, Grigsby, P.C., Pittsburgh, for Peoples Natural Gas Co.

Lawrence B. Nydes, Pittsburgh, for Equitable Gas Co.

Richard M. Munsch and Kenneth Pepperney, Pittsburgh, for U.S. Steel Corp.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an order of the Commonwealth Court which reversed an order of the Pennsylvania Public Utility Commission (PUC). *Peoples Natural Gas Co. v. Public Utility Commission,* 116 Pa. Commw.Ct. 512, 542 A.2d 606 (1988). The PUC order was issued on January 5, 1987 authorizing Apollo Gas Company (Apollo), appellant herein, to provide natural gas service to an Eljer Plumbingware (Eljer) manufacturing plant in Ford City, Pennsylvania. The Peoples Natural Gas Company (Peoples) claims that Apollo lacks authority under its certificate of public convenience to provide gas service to Eljer.

Peoples sells natural gas in Ford City and surrounding areas. It has been engaged in that pursuit since 1938, when a certificate of public convenience authorizing it to sell gas in those areas was issued. Another company with gas service rights in the same region was PPG Industries, Inc. (PPG). In 1971, PPG agreed to sell its natural gas wells and pipelines to Apollo, contingent upon Apollo's agreement to supply the gas needs of PPG's manufacturing plant in Ford City as well as the needs of a PPG plant and a Columbia Cement Company plant in Creighton, Pennsylvania.

As a condition of the sale, Apollo was required to furnish documentary evidence of its right to provide the gas service in question. Accordingly, Apollo filed with the PUC an application for a certificate of public convenience. The application stated that Apollo did not currently furnish service in Ford City and that approval from the PUC was required in order to fulfill the condition upon which PPG was willing to sell its gas facilities. The application also stated that the approval being sought was limited to the right to furnish gas to the aforementioned plants and not to the general public. In response, on April 5, 1971, the PUC issued a certificate of public convenience which provided as follows:

1. That applicant, Apollo Gas Company, shall *confine and restrict* its utility operations in the aforesaid areas to the furnishing of natural gas service to (a) the existing Ford City plant location of PPG Industries, Inc., (b) the existing Creighton (East Deer Township) plant location of PPG Industries, Inc., and (c) the existing Creighton (East Deer Township) plant location of Columbia Cement Company

2. That applicant, Apollo Gas Company, its successors and assigns, *shall not furnish natural gas service to the general public within the aforesaid areas without the approval of the Commission first had and obtained.* (Emphasis added).

In 1985, Apollo agreed to provide gas service to Eljer in Ford City. Eljer then constructed a gas line to connect to Apollo's pipeline there. Peoples filed a complaint with the PUC and subsequently obtained a preliminary injunction preventing Apollo from furnishing gas service to Eljer pending adjudication of the complaint. Peoples had been supplying gas to Eljer, and was aggrieved by the potential loss of its customer. Peoples claimed that Apollo's certificate of public convenience, supra, would be violated if Apollo were permitted to provide the gas service in question.

A PUC ruling upon Peoples' complaint ensued. The PUC interpreted Apollo's certificate of public convenience as allowing Apollo to provide service to Eljer. The certificate was construed as allowing any number of additional customers to be supplied by Apollo, without prior approval by the PUC, so long as Apollo did not hold itself out to the general public as ready and willing to supply any and all consumers who desire service. An appeal was taken to the Commonwealth Court, whereupon the PUC's order was reversed. *Peoples Natural Gas Co. v. Public Utility Commission,* supra. The Commonwealth Court reasoned that the PUC had disregarded the express language of the certificate which plainly restricted Apollo to serving only the three plants designated therein. We affirm.

■ It is well settled that the scope of judicial review in PUC cases is quite limited. In the absence of an error of law or violation of constitutional rights, an order of the PUC must be upheld if it is supported by substantial evidence. *Barasch v. Public Utility Commission*, 507 Pa. 561, 566, 493 A.2d 653, 655 (1985); *Monessen Southwestern Railway Co. v. Public Utility Commission*, 507 Pa. 586, 589–90, 493 A.2d 666, 668 (1985). It cannot be said, however, that the PUC's interpretation of Apollo's certificate was supported by substantial evidence. The interpretation was, indeed, patently erroneous. There is simply no rational way in which the certificate can be read as allowing Apollo to provide service to Eljer. Certainly, much deference is to be accorded an agency's interpretations of its own regulations and orders. See generally *Commonwealth v. Beck Electric Construction, Inc.*, 485 Pa. 604, 614, 403 A.2d 553, 558 (1979). In particular, where the interpretation of a certificate of public convenience issued by the PUC is at issue, it has been held that courts "will not set aside a construction placed upon the certificate by the commission unless the result is clearly erroneous, arbitrary, and unsupported by the evidence." *Marmer v. Public Utility Commission*, 190 Pa.Super. 436, 439, 154 A.2d 262, 264 (1959), allocatur denied November 20, 1959. See also *Dillner Transfer Co. v. Public Utility Commission (No. 2)*, 175 Pa.Super. 472, 477, 107 A.2d 164, 167 (1954), allocatur denied September 27, 1954, appeal dismissed, 349 U.S. 903, 75 S.Ct. 580, 99 L.Ed. 1240 (1955). Deference to an agency's discretion does not, however, render its interpretations insulated from judicial review. *Id.* Where, as in this case, there has been a clear error, the agency's interpretation cannot not be upheld.

The language in the certificate was eminently clear: Apollo was directed to "confine and restrict" its utility operations to the furnishing of natural gas to the three specific plant sites named in the certificate, i.e., the PPG plant in Ford City and the two plants in Creighton. The certificate also provided that Apollo could not expand its

operations to serve the "general public" without first obtaining PUC approval. By construing the certificate as allowing Apollo to serve the Eljer plant without prior approval, the PUC committed a clear abuse of its discretion. The express and plain language of the certificate was ignored by the PUC. Indeed, the PUC decision did not even address the effect of the words "confine and restrict." *It is impossible to conclude that, if Apollo provides service to Eljer, it will be "confining and restricting" its service to the three plants named in the certificate.*

It has been asserted that allowing Apollo to serve additional customers would also violate the certificate's ban on serving the "general public." Arguably, under the PUC's interpretation of the certificate's language, service could further be extended to individual members of the public, without limitation, until the entire public is being served. This could render the certificate a nullity, for it plainly prohibits service to the general public. We need not address this argument, however, for the decision in this case is governed by the certificate's requirement that Apollo "confine and restrict" its operations by serving only the designated plants.

■ Consideration of the context in which the certificate was issued further supports our conclusion that the plain language of the certificate was ignored by the PUC. Apollo, in its application for the certificate, requested permission to serve *only* the three plants designated in the application, and, further, expressly stated that it was *not* seeking permission to serve the general public. The application also stated that Peoples, which furnished gas service to the public in Ford City, did not oppose Apollo's application in view of the *limited* authority being sought. The express language of the certificate demonstrates that the PUC granted only the very limited authority that Apollo requested.

Apollo nevertheless contends that, under its corporate charter and under provisions of Section 10 of the Natural Gas Companies Act of 1885, 15 P.S. § 3547, it was vested

with broader authority to provide gas service in Ford City. Notwithstanding, it is clear that Apollo is bound by the terms of its certificate. Section 316 of the Public Utility Code provides:

> Whenever the Commission shall make any rule, regulation, finding, determination or order, the same shall be prima facie evidence of the facts found and shall remain *conclusive upon all parties* affected thereby, unless set aside, annulled or modified on judicial review.

66 Pa.C.S. § 316 (emphasis added). Hence, the certificate is conclusive as to Apollo's service rights.

■ Further, if Apollo believed that the certificate improperly restricted its service rights, it should have promptly sought review of the limitations set forth therein. By failing to do so, Apollo has waived its objections to the terms of the certificate, inasmuch as Section 1103 of the Public Utility Code provides:

> The commission, in granting such certificate, may impose such conditions as it may deem to be just and reasonable ... Any holder of a certificate of public convenience, *exercising the authority conferred* by such certificate, shall be deemed to have *waived any and all objections* to the terms and conditions of such certificate.

66 Pa.C.S. § 1103(a) (emphasis added). Apollo exercised the authority conferred in the certificate by providing service to the plants designated therein, and, thus, is now foreclosed from asserting that the certificate too narrowly circumscribed its gas service rights.

If Apollo seeks to extend its service to customers not authorized in the existing certificate, it can, of course, file an application with the PUC for a new certificate. 66 Pa.C.S. § 1102. The present case did not involve a proceeding to obtain an extension of service rights through a new certificate, but rather involved only the interpretation of an existing certificate of public convenience. The court below properly determined that, in interpreting that certificate, the PUC clearly erred. Accordingly, we affirm.

Order affirmed.