624 A.2d 770

**Michael J. KOBYLSKI and Joanne Kobylski, t/a Hyland Dairy, Petitioners,**

**v.**

**MILK MARKETING BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided April 20, 1993.

Stephen K. Urbanski, for petitioners.

Randall N. Sears, Chief Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Petitioners, Michael J. Kobylski and Joanne Kobylski t/a Hyland Dairy, appeal from an order of the Pennsylvania Milk Marketing Board (Board) which denied Michael Kobylski's (Kobylski) application for a milk dealer's license for the remainder of the 1991–1992 licensing year as well as the 1992–1993 licensing year.[1] We affirm.

Hyland Dairy has been owned and operated by Kobylski since 1946. In the early 1980's, Edward Kobylski, Michael's brother, began daily management of the dairy. He was responsible for accounting and record keeping and was given authority to sign checks on behalf of Michael Kobylski. Petitioners and the Board agree that most of the dairy's problems arose because of Edward's involvement.

In 1985, Kobylski's license as a milk dealer was revoked by the Board because of payments to farmers below the minimum price established by the Board, failure to maintain accounting records in accordance with Board regulations, failure to submit monthly reports, and failure to comply with orders of the Board. The 1985 Board order also denied Kobylski the opportunity to apply for a license in the future. By a published opinion and order of October 1, 1986, the commonwealth court affirmed that portion of the Board's order revoking Kobylski's license, but modified the penalty imposed by the Board so as to permit Kobylski to reapply for a milk dealer's license in the future. *Kobylski v. Commonwealth of Pennsylvania, Milk Marketing Board,* 101 Pa. Commonwealth Ct. 155, 516 A.2d 75 (1986). Kobylski continued to operate the dairy despite the revocation of his license.

On July 18, 1991, Kobylski's license as a milk dealer was revoked by the Board for the second time. This license

---

1. The petition for review filed with this court names both Michael Kobylski and Joanne Kobylski as Petitioners. However, the license application filed with the Board names only Michael Kobylski as the applicant.

revocation applied to the July 1, 1991 through June 30, 1992 licensing year and was based on eleven violations of the Milk Marketing Law (Law).[2] These violations included, but were not limited to, lack of financial responsibility, failure to pay producers, failure to maintain appropriate records, and continuing in a course of conduct of such a nature as to manifest an intention to deceive and defraud producers. Again, Kobylski continued to operate the dairy despite the revocation of his license.[3]

On April 21, 1992, the Board filed a complaint in equity and a motion for preliminary injunction seeking to enjoin Kobylski from operating the dairy without a valid milk dealer's license. Facing the possibility of an injunction, Kobylski filed an application for a milk dealer's license for the July 1, 1991 through June 30, 1992 license year.[4] By order of this court dated June 3, 1992, the Board's motion for preliminary injunction was denied.

A hearing was held before a hearing examiner on June 8, 1992. The hearing examiner found that Kobylski's disengagement from the bookkeeping aspects of the business and his failure to investigate further when he thought there might be problems with the books and management of the business were no defense to a license revocation. He further found that Edward Kobylski was no longer associated with the dairy and a new management team was handling the business. Although the hearing examiner noted that he expected the dairy to be properly managed in the future, he found Kobylski to be ultimately responsible for the violations of the Law and

2. Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. §§ 700j–101— 700j–1302.

3. The only time the dairy ceased operations was in August of 1991, when the IRS seized and padlocked the dairy for six months based upon non-payment of substantial back taxes and fines. Because of the magnitude of Kobylski's financial difficulties, he filed for bankruptcy. The dairy is currently operating under Chapter 11 protection.

4. Because 1991–1992 was the same licensing period covered by the Board's revocation order, the parties have agreed to treat the license application as if it had been made for the 1992–1993 licensing period.

recommended that the license not be reinstated for the 1991–1992 licensing period.

Oral argument was then held before the Board at which time both parties urged the Board to rule on Kobylski's application as if it had been made for the 1992–1993 licensing year. On June 18, 1992, the Board issued an order denying Kobylski's license application for the remainder of the 1991–1992 licensing period as well as the 1992–1993 licensing period.

The sole issue presented on appeal to this court is whether the Board abused its discretion in denying Kobylski's application for a milk dealer's license.

Section 404 of the Law[5] governs the grounds for denial of a license application. Where the Board has made a determination that the applicant has violated any of the provisions of the Law, section 404(10) provides the Board with discretion to decline to grant a license to the applicant.

When reviewing the discretionary acts of an agency, this court will overturn the agency's action only where the agency acts in bad faith, fraudulently, capriciously or has committed an abuse of discretion. *Guers Dairy v. Commonwealth of Pennsylvania, Milk Marketing Board,* 90 Pa. Commonwealth Ct. 268, 494 A.2d 888 (1985). "Where an agency has been vested with broad discretionary power, as has the Board, we will only find that the Board made an arbitrary, capricious or unreasonable determination in the absence of substantial evidence to support that determination." *Id.,* 90 Pa. Commonwealth Ct. at 272, 494 A.2d at 890.

Kobylski asserts that the Board's action in denying the license for the year ending June 30, 1993 was arbitrary and capricious and amounted to an abuse of discretion. Specifically, Kobylski argues that the Board abused its discretion because it completely disregarded the finding of the hearing examiner that "from the testimony given, it would be expected that the business will be properly managed in the future." Proposed Decision and Order at 2.

5. 31 P.S. § 700j–404.

The Board argues that in view of the numerous violations over the years and the almost complete disregard for the provisions of the Law and regulations of the Board, it properly exercised its discretion in denying the application. We agree. Regardless of the dairy's management in the future, Kobylski has repeatedly violated the provisions of the Law, owes substantial penalties to the Board and has continued to operate without a valid license. As noted by the hearing examiner, although most of the violations seemed to be attributable to Edward Kobylski, Michael Kobylski owned the business and was ultimately responsible for it. Because substantial evidence of record supports the Board's decision to deny the license application, we hold that the Board's actions were neither arbitrary nor capricious and the Board did not abuse its discretion in denying the application.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, April 20, 1993, the order of the Pennsylvania Milk Marketing Board in the above-captioned matter is affirmed.