690 A.2d 703

**MONTOUR TRAIL COUNCIL, Appellant,**

**v.**

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 17, 1996.

Decided Feb. 24, 1997.

Richard R. Wilson, Louise R. Schrage, Montour Trial Council, for Appellant.

Scott H. DeBroff, PA Public Utility Commission, Richard A. Porach, P&LE Properties, Inc., for Appellee.

Martha R. Smith, Department of Environmental Resource, Gina M. D'Alfonso, Department of Transportation, intervenors.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by allowance from an order of the Commonwealth Court which affirmed an order of the Pennsylvania Public Utility Commission (PUC). At issue is whether Section 703(g) of the Pennsylvania Public Utility Code (Code), 66 Pa.C.S. § 703(g), requires notice and opportunity for a hearing when Commonwealth Court remands a case for clarification of a PUC order, and the PUC opts to amend its original order.

Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the PUC's findings and conclusions are supported by substantial evidence. *Popowsky v. Pennsylvania Public Utility Commission*, 542 Pa. 99, 665 A.2d 808 (1995); *Peoples Natural Gas Co. v. Pennsylvania Public Utility Commission*, 523 Pa. 370, 567 A.2d 642 (1989).

Montour Trail Council (MTC) is the owner of a railroad right-of-way which creates a semi-circle south of the City of Pittsburgh, traversing Allegheny and Washington Counties. Along the right-of-way there are six rail-over-highway crossings located in Allegheny County and sixteen rail-over-highway crossings located in Washington County. By order adopted September 17, 1987, and entered September 27, 1987,

the PUC commenced an investigative proceeding regarding abolishment of the rail-over-highway crossings.

In two sets of hearings conducted before an administrative law judge, the PUC gathered evidence regarding safety and the public interest to determine whether the crossing structures should remain in place, as well as who should be responsible for future repair and maintenance of any remaining structures. The evidence presented to the ALJ included evidence of the condition of the crossing structures, the vertical and horizontal clearances, the involved sight lines, the proposed measures to make the rail structures safe for recreational use and the various alternatives to removal of the structures. On February 21, 1991, the ALJ issued a recommended decision.

By opinion and order dated October 7, 1991, the PUC remanded the proceeding to the ALJ for further hearings to consider the Rails–to–Trails Act (Act).[1] Pursuant to Section 10 of the Act, 32 P.S. § 5620, the PUC ordered that the Pennsylvania Department of Environmental Resources (DER) be notified and made a party to the action. Despite being notified of the proceeding, DER declined to present any evidence.

On October 20, 1992, the ALJ issued a second recommended decision: five of the six rail-over-highway crossings in Allegheny County and twelve of the sixteen rail-over-highway crossings in Washington County were to be abolished with the structures to remain in place. On October 1, 1993, the PUC entered an opinion and order adopting the ALJ's recommended decision. The PUC ordered that DER be secondarily liable for the maintenance of the structures remaining after abolishment of the corresponding crossings.

On October 18, 1993, the Pennsylvania Department of Transportation (DOT) filed a petition for clarification with the PUC, complaining of the PUC's failure to set forth the disposi-

1. Act of December 18, 1990, P.L. 748, *as amended*, 32 P.S. §§ 5611–5622 (effective March 20, 1991).

tion and cost allocation of each structure in separate paragraphs. MTC joined in this petition for clarification.

On October 28, 1993, prior to the PUC's consideration of the petition for clarification, DER filed a petition for review with Commonwealth Court from the PUC's October 1, 1993 order. DER asserted in its petition for review that the PUC did not have authority under the Act to hold it liable for secondary maintenance responsibility. MTC filed a notice of intervention in this petition for review.

By reason of the foregoing appeal filed by DER, the PUC was precluded by Pa.R.A.P. 1701[2] from acting on DOT's petition for clarification. On December 10, 1993, the PUC filed an application for remand requesting that Commonwealth Court remand the matter to the PUC for it to consider DOT's petition for clarification. By order dated December 13, 1993, Commonwealth Court granted the PUC's application for remand and relinquished its jurisdiction.

On July 7, 1994, the PUC entered a supplemental opinion and order. In addition to setting forth its decision in separate paragraphs, the PUC ordered that twelve of the sixteen rail-over-highway crossings in Washington County, which were previously to be abolished with the structures to remain in place, were to be removed entirely. The PUC further ordered that DER was to be secondarily liable for the maintenance of two structures in Washington County.

MTC and DER appealed the PUC's order to Commonwealth Court. MTC argued that the PUC abused its discretion and/or erred as a matter of law when, following Commonwealth Court's grant of the PUC's application for remand, the PUC changed its disposition regarding the twelve structures in Washington County without providing all interested parties with notice and an opportunity to be heard. In an opinion and order dated August 2, 1995, Commonwealth Court affirmed the supplemental opinion and order of the PUC. *Montour*

2. Pa.R.A.P. 1701(a) provides in pertinent part, that "after an appeal is taken or review of a quasi-judicial order is sought, the trial court or other government unit may no longer proceed further in the matter."

*Trail Council v. Pennsylvania Public Utility Commission,*
663 A.2d 285 (Pa.Cmwlth.1995).

Section 703(g) of the Code states: "The commission may, at any time, after notice and after opportunity to be heard as provided in this chapter, rescind or amend any order made by it." Commonwealth Court has previously held that although an administrative agency may clarify a prior order without affording prior notice and an opportunity to be heard to interested parties, it may not effect substantive change of a prior order unless it has complied with the requirements of Section 703(g). *Scott Paper Co. v. Pennsylvania Public Utility Commission,* 126 Pa.Cmwlth. 111, 558 A.2d 914 (1989); *Westinghouse Electric Corp. v. Pennsylvania Public Utility Commission,* 44 Pa.Cmwlth. 407, 404 A.2d 712 (1979).

We agree with MTC that the PUC was required to provide all interested parties with notice and an opportunity to be heard before changing its disposition regarding the rail-over-highway crossings. On remand by Commonwealth Court, the PUC did not simply clarify its original order, but instead changed its disposition regarding the twelve structures that were to remain in place in Washington County. This action clearly effected a substantial change in, and was not a mere clarification of, the PUC's prior order. Because the PUC failed to afford interested parties notice and an opportunity to be heard pursuant to Section 703(g), the order of July 7, 1994, is vacated and the case is remanded for further proceedings consistent with this opinion.

NEWMAN, J., did not participate in the consideration or decision of this case.