523 A.2d 849 and 527 A.2d 1125

Orville W. Jones et al., Appellants *v.* Sergeant James Bonner, Jr. et al., Appellees.

Argued February 24, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of

three. Reargued June 10, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE and BARRY.

*Susan Shinkman,* Deputy City Solicitor, for appellants.

*F. Emmett Fitzpatrick, F. Emmett Fitzpatrick Law Offices,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, April 10, 1987:

This is an appeal by several officials of the City of Philadelphia,[1] Appellants, who appeal an order of the Court of Common Pleas of Philadelphia County directing the Appellants to consider the Appellees, certain

---

[1] The named Appellants are the Honorable W. Wilson Goode, Mayor of Philadelphia; Orville W. Jones, Director of the Philadelphia Personnel Department; and James S. White, Managing Director of the City of Philadelphia.

Sergeants of the Philadelphia Police Department, eligible to take a Lieutenant's promotional examination given on February 8, 1986. The common pleas court found the City Personnel Director abused his discretion in refusing to allow the Appellees to anticipate eligibility so they could take the Lieutenant's examination.

The essential facts are undisputed. On December 19, 1985, the Philadelphia Police Department announced that an examination for promotion to the rank of Lieutenant would be given on February 8, 1986. The examination announcement stated that applications to sit for the examination must be filed no later than January 15, 1986, and that candidates must meet eligibility requirements for Lieutenant within thirty days of the closing date of the announcement. For the Lieutenant's examination, a candidate must (1) be presently employed in the Philadelphia Police Department with a permanent Civil Service status in the City of Philadelphia with a satisfactory performance rating; (2) have one year of permanent Civil Service Status as a Police Sergeant; and (3) have successfully completed the Recruit Training Course given by the Philadelphia Police Department. The thirty-day requirement is imposed by the City's civil service regulations.

The Appellee-Sergeants, all of whom would not have completed one year of permanent Civil Service Status as Sergeant until June 12, 1986, four months after the cut-off date, sought to have the city Personnel Director waive the eligibility requirements for the examination as granting such a waiver was within the Personnel Director's discretion. If the Personnel Director would have granted the waiver and allowed the Appellees to anticipate their eligibility, they would have been able to sit for the Lieutenant's examination but would not be eligible for promotion to Lieutenant until they had met the eligibility requirements. The Personnel Director refused to anticipate eligibility and the Appellees brought

suit in common pleas court for an injunction allowing them to sit for the examination. On February 5, 1986, Judge THOMAS A. WHITE issued an order allowing Appellees to take the Lieutenant's examination pending resolution of the matter. Following a hearing, Judge WHITE granted the Appellee's Motion for Injunction on March 14, 1986. This appeal followed.

Before this Court, Appellants contend that (1) the Personnel Director did not abuse his discretion in refusing to allow Appellees to anticipate their eligibility for the Lieutenant's examination; and (2) the Appellees did not satisfy the requirements for injunctive relief. We shall address those issues in the order stated, ever mindful that our limited scope of review requires us to affirm the common pleas court unless that court abused its discretion or committed an error of law. *City of Philadelphia v. Nationwide Insurance Co.,* 92 Pa. Commonwealth Ct. 20, 498 A.2d 462 (1985).

All parties agree that the City Personnel Director has the discretion to schedule Police Department promotional examinations. It is a well-settled principle that equity will not interfere with the exercise of a public official's discretionary powers absent an arbitrary or fraudulent abuse of that discretion or a mistake in law. *Coleman v. Board of Education of School District of Philadelphia,* 477 Pa. 414, 383 A.2d 1275 (1978). Coupled with that equitable principle is the equally well-established principle of administrative law that a court will not substitute judicial discretion for administrative discretion unless the agency or official acted in bad faith, fraudulently, capriciously, or committed a manifest abuse of power. *See e.g., Pennsylvania State Association of Township Supervisors v. State Ethics Commission,* 92 Pa. Commonwealth Ct. 544, 499 A.2d 735 (1985); *Guers Dairy, Inc. v. Milk Marketing Board,* 90 Pa. Commonwealth Ct. 268, 494 A.2d 888 (1985), *peti-*

*tion for allowance of appeal denied,* No. 192 M.D. Appeal Dkt. 1985 (Pa., filed March 7, 1986).

The common pleas court concluded that the City Personnel Director abused his discretion on two occasions concerning the Lieutenant's promotional examination: on the first occasion when he chose the date of the examination and excluded the Appellees from eligibility; and on the second occasion when he refused to allow the Appellees to anticipate eligibility and sit for the Lieutenant's examination.

Insofar as the Personnel Director's discretionary act in setting the examination date, the common pleas court found he abused his discretion by not considering the effect of the chosen date upon the Appellee class of Sergeants who would not be eligible to take the examination. The common pleas court found the choice of the examination date was "fundamentally unfair" and that he had no reasonable explanation for his choice of the February 8, 1986 date. Slip op. at 3. We respectfully disagree with the common pleas court that the Personnel Director abused his discretion in choosing the February 8, 1986, examination date. The Personnel Director testified that the Lieutenant's examination was scheduled in February, 1986, due to a need in the Police Department for Lieutenants and the examination was scheduled to provide for that need in a timely manner. He approved the recommendation of a subordinate, a "Professional Technician IV," and the workload of the department was taken into consideration. R. 171-180. These facts do not support the common pleas court's finding that the Personnel Director abused his discretion in choosing February 8, 1986, as the date for the Lieutenant's examination. Likewise, his failure to move the examination back several months so as to allow the Appellees to qualify to sit for the examination does not constitute an abuse of discretion since the eligibility

rules of the City's Civil Service Regulations recognize that eligibility cut-offs will be established by examination dates and application deadlines. The Personnel Director does not abuse his discretion when he fails to schedule a promotional examination so as to allow the greatest number of applicants to take it. There are a number of considerations which go into the decision as to when to schedule a promotional examination and the number of qualified applicants is only one of them. The common pleas court erred, therefore, when it found the Personnel Director abused his discretion when he set February 8, 1986, as the date for the Lieutenant's examination.

The other instance of the Personnel Director's alleged abuse of discretion is more difficult. The City concedes that in the past police officers were regularly permitted to anticipate eligibility in order to sit for promotional examinations for which they would not otherwise be eligible under the Civil Service Regulations. As a result, police officers would be eligible for promotion earlier than would be the case if eligibility for promotion was not anticipated. We do not, however, agree with the common pleas court that this past course of conduct on the part of the City gives rise to a protected expectation or vested right in the police officers to have their eligibility anticipated in future promotional examinations. While there is no question that in the past eligibility to take promotional examinations was routinely anticipated in the Philadelphia Police Department, that course of conduct occurred under a prior administration and under a prior Police Commissioner. A public official is not required to exercise his or her discretion in exactly the same manner as did his or her predecessor. To hold otherwise would emasculate almost completely the discretion granted to such officials. On the other hand, public officials are not free to change established and

recognized courses of conduct without some kind of notice to those affected by the impending change. *Cf. Butler County Memorial Hospital v. Heckler,* 780 F.2d 352 (3d Cir. 1985) (Agency is entitled to change course and, as long as it adequately explains its new position, that view will be accorded deference). Such implied notice was given here when the Personnel Director refused to anticipate eligibility on the Lieutenant's examination immediately preceding the one given on February 8, 1986. We thus respectfully disagree with the common pleas court's finding that the Personnel Director abused his discretion when he refused to allow the Appellees to anticipate their eligibility.

Having found that the Personnel Director did not abuse his discretion in fixing the examination date or refusing to allow the Appellees to anticipate their eligibility, we must also conclude that the common pleas court erred as a matter of law in finding that the Appellees were entitled to anticipate their eligibility and sit for the Lieutenant's examination.[2] Therefore, the grant of a permanent injunction was improper.

In view of the foregoing, we will reverse the order of the common pleas court and dissolve the injunction issued on March 14, 1986.

## ORDER

Now, April 10, 1987, the Order of the Court of Common Pleas of Philadelphia County at Docket No.

---

[2] Our scope of review in equity matters, including the grant of a permanent injunction, is limited to determining whether the chancellor's findings are supported by substantial evidence, an error of law committed, or whether the chancellor abused his discretion. *Babin v. City of Lancaster,* 89 Pa. Commonwealth Ct. 527, 493 A.2d 141 (1985); *Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 312, 314 A.2d 328 (1974).

617 February Term, 1986, dated March 14, 1986, is hereby reversed and the injunction issued as a part of that Order is hereby dissolved.

---

OPINION BY JUDGE MACPHAIL, July 10, 1987:

On April 10, 1987 this Court filed an opinion and order[1] which reversed an order of the Court of Common Pleas of Philadelphia permitting Sergeants of the Philadelphia Police Department to sit for an examination for promotion to Lieutenant even though such persons would not have the required one-year of permanent Civil Service status as of the date the examination was to be given. The factual background of the case is more fully set forth in our previous opinion.

An application for reargument was timely filed together with a petition for a stay whereupon we entered an order granting the stay and the application for reargument but restricting reargument to the issue of whether the injunction issued by the court of common pleas should be dissolved prospectively or retroactively.

From the briefs of the litigants and *amici* we ascertain that a Lieutenant eligibility list of 236 names was certified as a result of the examination given pursuant to the order of the court of common pleas. That list included 49 Sergeants who did not have the requisite time in grade to sit for the examination. There have been 44 promotions from the list including 7 Sergeants who would not have been on the list absent the trial court's order.

None of the briefs cite any legal authority in support of the views of the litigants as to how the issue before us should be resolved. In *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423,

---

[1] *Jones v. Bonner,* 107 Pa. Commonwealth Ct. 283, 523 A.2d 849 (1987).

507 A.2d 934 (1986), we outlined the legal principles usually applicable in determining whether a new decision should be given prospective or retroactive effect.[2] We doubt that those principles are applicable here, however, since our decision did not establish a new principle of law. We were merely called upon to determine whether the trial court erred as a matter of law when it held that certain Sergeants were permitted to anticipate eligibility in order to take the examination, contrary to the instructions of the Personnel Director.

We, therefore, as did the litigants, resort to a balancing of the equities in the interest of fairness and justice. On the one hand, those Sergeants, who did qualify with time in grade at the time the examination was given, argue that those who should not have taken the examination pursuant to this Court's decision, should not now be permitted to benefit from the trial court's error and that to hold that our order is prospective only would perpetuate an unfortunate wrong to them and their careers. On the other hand, those Sergeants who took the examination because the trial court ordered that they may do so, contend that to make the order

---

[2] '[T]he threshold test in deciding whether a new decision might be given prospective application only is whether the decision establishes a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed.' Schreiber v. Republic Intermodal Corporation, 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977). Where an appellate decision interprets legislative intent such interpretation is regarded as part of the statute under consideration from the time the statute was enacted. Daniels v. State Farm Mutual Insurance Company, 283 Pa. Superior Ct. 336, 423 A.2d 1284 (1980); Harry C. Erb, Inc. v. Shell Construction Co., Inc., 206 Pa. Superior Ct. 388, 213 A.2d 383 (1965).

96 Pa. Commonwealth Ct. at 428, 507 A.2d at 937.

retrospective would cause demotions in the case of the seven already promoted and result in having less than the best qualified people on the promotion list.

Needless to say, there is merit in both arguments and we are sensitive to the need to maintain morale and efficiency in the Philadelphia Police Department.

After carefully weighing all of the circumstances, we have concluded that our order should be prospectively applied only to those Sergeants who have already been promoted to Lieutenant. As to all others who are on the certified list but who were not eligible to take the examination according to our decision, the order shall be retroactive. We have come to that conclusion because we believe that the seven who have already been promoted should not be reduced in rank because of judicial error. As to the remaining 42, nothing has occurred which will need to be undone other than to remove them from the eligibility list. Inasmuch as they should not have been on that list in the first place, we do not perceive this as a severe penalty. The removal of those names then permits the addition of those Sergeants who did have the necessary time in grade to the eligibility list.

It will be so ordered.

## ORDER

The order of this Court entered April 10, 1987 is affirmed and shall be applied prospectively only with respect to those Sergeants promoted to Lieutenant prior to April 10, 1987 from the eligibility list certified following the examination given February 8, 1986. In all other respects, the order of this Court entered April 10, 1987 shall be applied retroactively.