646 A.2d 592

William James WALLS; John Brooks; John Prendergast; Ray Lewis; John Kay; Walt Livingston; Joe Lynch

v.

CITY OF PHILADELPHIA; Edward G. Rendell, Mayor of the City of Philadelphia; Philip Rivera, Jr., Commissioner of Police, and Laurence Nodiff; Edward Hargadon; Neil Lawley; George Boothman; Kenneth Campbell; James Christie; Michael Taylor; and Carol Scott Abrams; Alex Blair; John Bradley; William Bugg; Frank Clark; Thomas Coccia; Frederick Corsino; Brian Dorsey; Anthony Doughten; Ronald Eldridge; Stacy Herring, Jr.; Rollins Hetzel; Dennis M. Leahy; Aloysius Martin; Daniel McCann; Stephen McCoullum; Joseph McHugh; Thomas McGrath; Dominic Mingacci; George Minner; James Mitchell; Alice Mulvey; Robert P. Murphy; Kenneth O'Brien; James Offner; Robert Prendergast; John Terry; Robert J. Tucker; Gregory Tuffner; Michael Vitale; Kenneth Walking.

Appeal of CITY OF PHILADELPHIA, Appellant. (Two Cases)

William James WALLS; John Brooks; John Prendergast; John Kay; Walt Livingston; Joe Lynch

v.

CITY OF PHILADELPHIA; Edward G. Rendell, Mayor of the City of Philadelphia; Philip Rivera, Jr., Director of Personnel; Richard Neal, Commissioner of Police; and Laurence Nodiff; Edward Hargadon; Neil Lawley; George Boothman; Kenneth Campbell; James Christie; Michael Taylor; and Carol Scott Abrams; Alex Blair, John Bradley; William Bugg, Frank Clark, Thomas Coccia, Frederick Corsino; Brian Dorsey; Anthony Doughten; Ronald Eldridge; Stacy Herring, Jr.; Rollins

Hetzel; Dennis M. Leahy; Aloysius Martin; Daniel McCann; Stephen McCoullum; Joseph McHugh; Thomas McGrath; Dominic Mingacci; George Minner; James Mitchell; Alice Mulvey, Robert P. Murphy; Kenneth O'Brien; James Offner; Robert Prendergast; John Terry; Robert J. Tucker; Gregory Tuffner; Michael Vitale; Kenneth Walking.

Appeal of Laurence D. NODIFF; Edward Hargadon; Neil Lawley; George Boothman; Kenneth Campbell; James Christie; Michael Taylor, Appellants. (Two Cases)

William James WALLS, John Brooks, John Prendergast, Ray Lewis, John Kay, Walt Livingston, and Joe Lynch

v.

CITY OF PHILADELPHIA, Edward G. Rendell, Philip Rivera, Jr. and Richard Neal.

William James WALLS, John Brooks, John Prendergast, John Kay, Walt Livingston, Joe Lynch

v.

CITY OF PHILADELPHIA, Edward G. Rendell, Mayor of the City of Philadelphia, Philip Rivera, Jr., Director of Personnel, Richard Neal, Commissioner of Police, and Laurence Nodiff, Edward Hargadon, Neil Lawley, George Boothman, Kenneth Campbell, James Christie, Michael Taylor and Carol Scott Abrams, Alex Blair, John Bradley, William Bugg, Frank Clark, Thomas Coccia, Frederick Corsino, Brian Dorsey, Anthony Doughten, Ronald Eldridge, Stacy Herring, Jr., Rollins Hetzel, Dennis M. Leahy, Daniel McCann, Aloysius Martin, Stephen McCoullum, Joseph McHugh, Thomas McGrath, Dominic Mingacci, George Minner, James Mitchell, Alice Mulvey, Robert P. Murphy, Kenneth O'Brien, James Offner, Robert Prendergast, John Terry, Robert J. Tucker, Gregory Tuffner, Michael Vitale, Kenneth Walking, Appellants.

William James WALLS, John Brooks, John Prendergast, John Kay, Walt Livingston, Joe Lynch

v.

CITY OF PHILADELPHIA, Edward G. Rendell, Mayor of the City of Philadelphia, Philip Rivera, Jr., Director of Personnel, Richard Neal, Commissioner of Police, and Laurence Nodiff, Edward Hargadon, Neil Lawley, George Boothman, Kenneth Campbell, James Christie, Michael Taylor and Carol Scott Abrams, Alex Blair, John Bradley, William Bugg, Frank Clark,

Thomas Coccia, Frederick Corsino, Brian Dorsey, Anthony Doughten, Ronald Eldridge, Stacy Herring, Jr., Rollins Hetzel, Dennis M. Leahy, Aloysius Martin, Daniel McCann, Stephen McCoullum, Joseph McHugh, Thomas McGrath, Dominic Mingacci, George Minner, James Mitchell, Alice Mulvey, Robert P. Murphy, Kenneth O'Brien, James Offner, Robert Prendergast, John Terry, Robert J. Tucker, Gregory Tuffner, Michael Vitale, Kenneth Walking.

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 17, 1994.

As Amended June 20, 1994.

Reargument Denied Aug. 1, 1994.

E. Jane Hix, Deputy City Sol., for appellants City of Philadelphia, et al.

Catherine L. Merino, for appellants Laurence D. Nodiff, et al.

Howard Lebofsky, for appellants Carol Scott Abrams, et al.

Harry Lore, for appellees William James Walls, et al.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Laurence Nodiff, *et al.*, Carol Scott Abrams, *et al.* and the City of Philadelphia (collectively Appellants), appeal an order of the Court of Common Pleas of Philadelphia County granting a preliminary injunction and an order of the same court granting a permanent injunction.

### *Historical Facts*

This litigation has its genesis in the publication of a civil service eligibility list published by the Philadelphia Police Department on June 18, 1991 (91 List), pursuant to civil service regulations and the City's Home Rule Charter. The list consisted of the names of police sergeants who had successfully passed a written and an oral examination and were therefore eligible for promotion to the rank of lieutenant. Under the Charter and regulations an eligibility list must be in existence for at least one year, but may not be in existence for longer than two years.

Carol Scott Abrams, *et al.*, the Abrams group, consists of thirty-two sergeants who were disqualified from placement on the list because of their performance on the oral examination. They appealed to the Philadelphia Civil Service Commission alleging irregularities, bias, and fraud in the administration of the oral exam. On February 11, 1993, the Commission ordered that they be given a new oral exam, but denied their request to "freeze" the 91 List.

The Abrams group appealed to the Court of Common Pleas on June 11, 1993, and they, together with and the City, presented to Judge Edward J. Bradley, the trial judge, a written stipulation memorializing the parties' agreement to, *inter alia,* extend the 91 List until June 18, 1994, that is, extend it by one year thereby enabling the same list to be used for a total period of three years.

At the same time, Laurence Nodiff, *et al.*, the Nodiff group, consisting of a group of sergeants alleging that the written portion of their exam had been improperly scored, also filed suit in the Court of Common Pleas after being denied inter-

vention in the litigation by the Abrams group before the Civil Service Commission. Like the Abrams group, the Nodiff group presented the trial judge, Judge Sandra Mazer–Moss, with a proposed settlement, which likewise called for the extension of the 91 List until June 18, 1994. The agreement was signed by Judge Moss on June 8, 1993.

### Facts of the Present Appeal

On March 22, 1993, before either the order of Judge Bradley or the order of Judge Moss had been entered, the Police Commissioner posted notice of a new examination for promotion to lieutenant to be held in June of 1993. On June 11, 1993, however, the Commissioner cancelled the exam and announced that the 91 List had been extended until June 1994. William Walls *et al.*, the Walls group, filed suit alleging that the 91 List expired by operation of law on June 19, 1993, two years from its certification and petitioned for relief in, among other things, the nature of a preliminary injunction and a permanent injunction. The Walls group consists of sergeants who were not eligible to take the exam for the 91 List, but were eligible and had applied to take the June 1993 exam. The Nodiff group and the Abrams group petitioned for and were granted intervention.

The trial court, Judge Berel Caesar presiding, heard three days of testimony concerning the petition of the Walls group for a preliminary injunction. On August 20, 1993, Judge Caesar enjoined the City from making any promotions from the 91 List, finding that the list had expired by operation of law at the expiration of two years on June 19, 1993. Shortly thereafter the trial court held a hearing on the Walls group's petition for permanent relief. By order dated September 8, 1993, the trial court permanently enjoined the City from using the 91 List to make promotions to lieutenant, and ordered the City to "proceed forthwith" with a new test. This appeal followed.[1]

1. Nodiff, Abrams, and the City appealed and petitioned this Court for a stay of the September 8, 1993 order. By order dated February 11, 1994, this Court denied the stay for the portion of the order enjoining

### Discussion

Appellants raise the following arguments on appeal: The trial court erred (1) in holding that the 91 List could not be extended beyond the statutory two year period, (2) by improperly "nullifying" two prior orders of the same court by allowing the Walls group to "collaterally attack" valid consent orders, (3) in limiting testimony and curtailing discovery for the permanent injunction hearing, (4) in granting a permanent injunction because the Walls group failed to sustain their burden of proof, (5) in not considering preliminary objections filed by the City, (6) in granting the preliminary injunction because the Walls group failed to demonstrate irreparable harm, and (7) in ordering the City to administer an examination "forthwith."

█ Common and basic to all of the above arguments is the Appellants assertion that the trial court erred in concluding that the 91 List could not be extended as a matter of law, and, therefore, erred in enjoining the City from making promotions from the 91 List. However, it is beyond peradventure that a civil service promotion list cannot be extended beyond two years. The legislature has spoken on this issue quite clearly. Section 13 of the Act of June 25, 1919, P.L. 581, *as amended,* 53 P.S. § 12633, provides:

> The commission shall adopt, amend, and enforce rules for the classified service, which shall have the force and effect of law. The rules shall provide:
>
> . . . .
>
> 3. For the creation of eligible lists, upon which shall be entered the names of successful candidates in the order of their standing in examination. *Such list shall remain in force not longer than two years.* (Emphasis added.)

Accordingly, the Philadelphia Home Rule Charter provides:

> The establishment of eligible lists for appointment and promotion, upon which lists shall be placed the names of successful candidates in the order of the relative excellence

the City from making promotions, but granted the stay for that part of the order directing the City to hold exams forthwith.

in the respective examinations. Such lists shall continue in force for at least one year from the date of their establishment and thereafter until exhausted or replaced by more recently prepared lists *but in no case longer than two years*....

351 Pa.Code § 7.7–401(f) (emphasis added). And, pursuant to the Home Rule Charter, regulations have been promulgated which provide:

Open competitive and promotional lists, established as the result of non-continuous or periodic examinations, shall continue in force for at least one year from the date of establishment thereof and thereafter until exhausted or replaced, *but in no case longer than two years.*

Philadelphia Civil Service Regulation § 10.071 (emphasis added). There are *no* provisions in the preceding statute and regulations for exceptions to this two year life span.

Appellants also argue that the trial court erred in enjoining the use of the 91 List because this order conflicted with prior orders of the Court of Common Pleas of Philadelphia County.

The prior orders of the trial court, filed on June 8, 1993, and June 11, 1993, respectively, were stipulations submitted by the Abrams and Nodiff groups as a settlement of their lawsuits. Both the stipulations provided, among other things, that the parties agreed to extend the 91 List until June 18, 1994. The issue of the legal viability of the list beyond June 18, 1993, was never raised before either judge.

 When the Charter and regulations have the force and effect of law, "civil service laws cannot be obviated by agreement." *Smith v. Keim,* 8 Pa.Commonwealth Ct. 610, 303 A.2d 869 (1973).[2] Since the 91 List expired by operation of law on

---

**2.** Appellants also argue that Walls should be precluded from litigating the viability of the 91 List because they should have intervened below, and consequently the settlements are binding upon them. Assuming arguendo that the 91 List could be legally extended, Walls' failure to intervene in a non-class action does not bind them to either the Abrams group or the Nodiff group settlements. 7 Goodrich Amram 2d § 2327:1 (1992). Intervention is *voluntary.* Pa. R.C.P. No. 2327; *see Martin v. Wilks,* 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989)

June 19, 1993, it cannot be extended by agreement or by the order of a court.[3]

■ Appellants also contend that the trial court erred by refusing to allow them discovery and the opportunity to present testimony at the hearing on the permanent injunction, and thereby impermissibly "merged" the preliminary injunction hearing with the permanent injunction hearing. Appellants argue that since they were not permitted to present testimony regarding harm *to them,* they effectively did not receive a hearing before final injunctive relief was granted.[4]

■ At the permanent injunction hearing, the Appellants wished to offer testimony concerning the harm which they would suffer if a permanent injunction were granted. It is well within the trial judge's discretion to limit the scope of testimony, and it is rare for such rulings to be disturbed on appeal, absent a clear abuse of discretion. *Greek Orthodox Cathedral of Saint George v. Redevelopment Authority of the City of Philadelphia,* 115 Pa.Commonwealth Ct. 531, 541 A.2d 822 (1988) (appellate review of trial court rulings on evidentiary matters is highly circumscribed); *Department of Transportation v. Weller,* 133 Pa.Commonwealth Ct. 18, 574 A.2d 728 (1990). The issue before the trial court was not strictly whether harm would be suffered by the various parties, but

(rejecting the "impermissible collateral attack" doctrine that immunizes parties to a consent decree from discrimination challenges for actions taken pursuant to the decree by non parties who did not intervene).

3. We have reviewed several federal cases cited by the Abrams group in their brief in support of the proposition that the 91 List could be extended to "remedy injustices." Assuming arguendo we were to recognize the existence of an exception to the two year limitation on eligibility lists, the federal cases are distinguishable. The only case where the court extended a list was *Commonwealth v. O'Neill,* 100 F.R.D. 354 (E.D.Pa.1983), *affirmed,* 746 F.2d 1465 (3d Cir.1984). In that case the list was extended because of the overriding federal policy of remedying racial discrimination. No such issue is presented here. The Abrams group alleged that they were improperly disqualified from the 91 List because of "irregularity, bias, and fraud" in the administration of the oral exam; there was no finding by the trial court that racial discrimination existed as was the case in *O'Neill.*

4. The City did present the testimony of one witness, but the Nodiff group and the Abrams group were not permitted to cross-examine.

whether the Walls group was entitled to relief in order to prevent a legal wrong for which there was no adequate remedy at law. *See Soja v. Factoryville Sportsmen's Club,* 361 Pa.Superior Ct. 473, 522 A.2d 1129 (1987). Since the 91 List had expired, the Walls group was entitled to relief as a matter of law.[5] Therefore, because further fact finding was not necessary, the trial court did not err in denying Appellants the opportunity to present testimony or conduct additional discovery.

■ Appellants next argue that even if the 91 List expired, the trial court had no power to order a new exam to be held forthwith, since the scheduling of a promotional exam is within the discretion of the Personnel Director of the City. We agree.

■ It is well settled that the scheduling of promotional exams is within the discretion of the City Personnel Director. *Jones v. Bonner,* 107 Pa.Commonwealth Ct. 283, 523 A.2d 849 (1987). Thus, a court sitting in equity may not interfere with the Director's discretion absent an abuse of discretion or error of law. *Id.* While it is true that the June 1993 exam was cancelled by the Director in reliance upon the June 8 and June 11, 1993 settlements, portions of which we have now held to be improper, nevertheless, his acts were in good faith and we cannot say that he abused his discretion.[6] The Director may now, at any time, reschedule another examination wherein the parties in groups would have the same opportunity to participate and compete.

5. Appellants also argue that the Walls group failed in their burden of proof because the harm they may suffer is too speculative inasmuch as they are not guaranteed promotion. This argument misses the point. The relief requested by the Walls group is not that they be promoted. The 91 List expired by operation of law; thus the issue of harm to the Walls group in the context of the injunction is irrelevant.

6. Because of our disposition of this matter, we need not reach Appellants' other issues.

We would also note that absent a petition for special relief, the extended 91 List becomes moot on June 19, 1994.

## *ORDER*

NOW, June 17, 1994, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter is affirmed insofar as it permanently enjoins the City of Philadelphia from making promotions to lieutenant from the eligibility list which expired by operation of law on June 19, 1993. The portion of the order requiring the City to proceed forthwith with a new exam is hereby reversed.

NEWMAN, Judge, dissenting.

I respectfully dissent to the majority opinion as it affects the Nodiff group.

The majority is correct in its position that "common and basic" to all of Appellants' arguments is their assertion that the trial court erred in concluding that the 1991 List could not be extended as a matter of law. The majority disposes of Appellants' contentions in this regard by concluding that "it is beyond peradventure that a civil service promotion list cannot be extended beyond two years." Majority opinion at 180. While I agree that this rule should be applied in the usual situation, I cannot, under the facts of this case, concur with the majority opinion in this respect. By its holding, the majority has inhibited this court's equitable and remedial functions.

Some additional factual background concerning the Nodiff group is necessary to understand this dissent. All members of the Nodiff group passed both components of the Spring 1991 exam for promotion to lieutenant. Departmental policy required that a candidate's position on the list be determined from a combination of a written test (which was also to comprise forty-five percent of the score), an oral test (which was to comprise forty-five percent of the score), and a seniority rating (which was to comprise ten percent of the score). However, the list in the Spring of 1991 reflected a different weighing of the scores: the oral component comprised sixty-two percent, the written component comprised thirty-one percent, and seniority comprised seven percent. Because of the

irregularities in the compilation of the list, members of the Nodiff group were not included with the fifty-six sergeants who were promoted to lieutenant on June 24, 1991. An expert testified at the preliminary injunction hearing that had the Department correctly compiled the scores, the entire Nodiff group would have been promoted to lieutenant. For example, Laurence Nodiff, who was initially ranked number sixty-five on the eligibility list, would have been ranked number thirty-one had the list been compiled according to departmental policy.

The majority relies on Section 13 of the Act of June 25, 1919, P.L. 581, *as amended*, 53 P.S. § 12633, Section 7.7–401(f) of the Philadelphia Home Rule Charter, 351 Pa.Code § 7.7–401(f) and Section 10.071 of the Philadelphia Civil Service Regulation. These sections provide that an eligibility list shall not remain in force longer than two years. I would hold that there is an exception to this time period when there are acknowledged deviations and/or inconsistencies in the scoring of the exams. In the instant case, the Department itself admitted that it improperly scored the exams and agreed with the respective parties to extend the eligibility list beyond its expiration date.

In footnote three of its opinion, the majority itself acknowledges that in certain situations a court may be permitted to remedy an injustice. However, the majority distinguishes *Commonwealth v. O'Neill*, 100 F.R.D. 354 (E.D.Pa.1983), *affirmed*, 746 F.2d 1465 (3rd Cir.1984), from the present case by stating that in "that case the list was extended because of the overriding federal policy of remedying racial discrimination. No such issue is presented here." Majority opinion at 182. This is undoubtedly correct; however, the distinction is of no consequence. The proper focus should be on the paramount issue of whether a court may extend an eligibility list beyond two years to remedy departures from correct scoring procedures.

In *O'Neill*, the court, faced with invidious discrimination, properly extended the eligibility list beyond the two-year period. In the instant case, while this court is not faced with a

wrong of the same nature, it is nevertheless faced with a serious inequity. Specifically, if the exams had been graded correctly, all members of the Nodiff group would now be lieutenants. Instead, the group must retake the exam with no assurances that they will be within the group that is eventually promoted. We cannot ignore this issue by assuming if an individual scores satisfactorily in one instance that they will do so the next time they take the examination; this is a cavalier presumption. Thus, I would hold that the trial court abused its discretion [1] when it held that the 1991 eligibility list could not be extended beyond the two year statutory period.

1. In reviewing a grant of permanent injunctive relief, this court must determine whether the trial court abused its discretion or committed an error of law. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia,* 139 Pa.Commonwealth Ct. 256, 590 A.2d 384 (1991).