# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

## SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.

| | |
|---|---|
| PHILADELPHIA FIREFIGHTERS' UNION, LOCAL 22, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO BY ITS GUARDIAN AD LITEM WILLIAM GAULT, PRESIDENT, TIM MCSHEA, VICE PRESIDENT, KELVIN FONG, VICE PRESIDENT, AND FIRE LIEUTENANT ANDREW THOMAS, <br><br> Appellants <br><br> v. <br><br> CITY OF PHILADELPHIA, MAYOR MICHAEL A. NUTTER, RICHARD NEGRIN, LLOYD AYERS, <br><br> Appellees | : No. 16 EAP 2014 <br> : <br> : Appeal from the order of the <br> : Commonwealth Court entered on <br> : 9/18/2013 at No. 869 C.D. 2013 reversing <br> : the order entered on 5/14/2013 in the <br> : Court of Common Pleas, Civil Division, <br> : Philadelphia County at No. 1039 May <br> : Term 2013 <br> : <br> : 78 A.3d 16 (Pa.Cmwlth. 2013) <br> : <br> : ARGUED: March 10, 2015 <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## OPINION

**MR. JUSTICE BAER**                                    **DECIDED: July 20, 2015**

The International Association of Firefighters, Local 22, AFL-CIO, and its named officers (collectively, the Union) is the collective bargaining unit representing the City of Philadelphia's firefighters and paramedics. It appeals from the order of the Commonwealth Court, which reversed the trial court's grant of peremptory judgment in mandamus for the Union and against the City of Philadelphia, Mayor Michael A. Nutter,

Richard Negrin, and Lloyd Ayers (collectively, the City), and required the City to fill vacancies immediately in the positions of Fire Captain and Fire Lieutenant. The Commonwealth Court held that neither the Home Rule Charter, 351 Pa.Code §§ 1.100 *et seq*, nor the Civil Service Regulations require vacancies to be filled immediately. We agree, and hold that the Union has not established a clear legal right to relief or a corresponding duty in the City, and that it is therefore not entitled to peremptory judgment in mandamus.

Union members are subject to Philadelphia's Civil Service Regulations, which comprise the procedures for hiring and promotion in the City in accord with the Home Rule Charter. The Home Rule Charter directs that Civil Service Regulations "shall provide for" promotions which "give appropriate consideration to the applicant's qualifications, record of performance, seniority and conduct." 351 Pa.Code § 7.7-400. Moreover, "[v]acancies shall be filled by promotion whenever possible, and promotion shall be on a competitive basis except where the Personnel Director with the approval of the Civil Service Commission finds that competition is impracticable." Id., § 7.7-401(e).

Moreover, the Home Rule Charter requires "the establishment of eligible lists for appointment and promotion," the ranking of eligible candidates in order of their performance on civil service examinations, and directs that such lists "shall continue in force for at least one year . . . until exhausted or replaced by more recently prepared lists but in no case longer than two years." Id., § 7.7-401(f). The Home Rule Charter further requires the City to certify the two candidates with the highest standing on the appropriate eligible list to fill a vacancy, and directs that after a candidate has been

rejected twice by an appointing authority in favor of other candidates, that candidate can no longer be certified.[1] Id., § 7.7-401(h).

The Home Rule Charter calls for the promulgation of Civil Service Regulations "to establish for the City a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, demotion, transfer, layoff, removal and discipline of its employees, and other incidents of City employment." 351 Pa.Code § 7.7-300. Moreover, "[a]ll appointments and promotions to positions in the civil service shall be made in accordance with the civil service regulations." Id. The Civil Service Regulations apply to firefighters in Philadelphia. Phila. Civil Serv. Reg. 2.06.

Pursuant to the Civil Service Regulations, promotions are made from a "promotional list," which is defined as "an eligible list of names of persons who have passed a promotional examination for a particular class of position and whose names are ranked on the list in the order prescribed in these Regulations." Phila. Civil Serv. Reg. 2.38; see also id. 10.013 (providing that a "promotional eligible list" is "[c]omprised of all qualified candidates who have permanent civil service status and who have passed an examination and are ranked in order of relative excellence."). Eligible candidates receive their ranking based on test scores and a number of other factors, including interviews, prior performance, and veteran's status. Phila. Civil Serv. Reg. 2.38, 2.39, 9.02, 9.022, 9.023, 10.013.

Once the City approves and publishes a promotional list of candidates, those candidates "may be certified and appointed at any time . . . until the list expires or is exhausted or cancelled." Phila. Civil Serv. Reg. 10.022. Moreover, the Director of

---

[1] An exception to this rule of rejection exists where a non-veteran candidate was passed over in favor of a veteran, which does not constitute a rejection. 351 Pa.Code § 7.7-401(h).

Human Resources for the City of Philadelphia (Director) "may publish a List of Candidates and establish an eligible list at separate times or simultaneously as deemed necessary or desirable to meet the needs of the service." Id. A promotional list continues in force until it is exhausted or replaced, "but in no case longer than two years." Id., 10.071. When a more recent promotional list has been established, the Director may cancel a previous promotional list that is more than a year old, and replace it with the more recent list or consolidate them under certain conditions. Id. An eligible candidate remaining on a prior list that has expired may take a new examination for placement on a new promotional list. Phila. Civil Serv. Reg. 10.081.

Pursuant to Regulation 9.021, "[u]nless vacancies are filled by demotion, transfer, reinstatement, or by certification from a layoff list, they shall be filled so far as practicable by the promotion of permanent employees in the Civil Service." Phila. Civ. Serv. Reg. 9.021. To fill a vacancy by promotion in the Fire Department, the Fire Commissioner (Commissioner) requests the Director to certify, with certain qualifications, the top two candidates from the promotional list for that position. Id., 11.091, 11.03. The Commissioner may choose either of the two candidates. Id. If the Commissioner wishes to fill more than one vacancy at a time, he may request the Director to certify a set of candidates for the positions. Id., 11.04.

A candidate who is rejected for promotion is returned to the promotional list; like the Home Rule Charter, the regulations provide that two rejections will result in no further referrals to the Commissioner by the Director. Phila. Civil Serv. Reg. 11.05. The promotion of a candidate who is selected by the Commissioner is subject to approval by the Director and is conditional on the candidate passing a medical examination. Id., 11.035, 11.11, 11.12, 9.1413. During a six-month probationary period, the

Commissioner has the discretion to demote or discharge the candidate from the position if the candidate does not perform in a satisfactory manner. Id., 14.01, 14.04.

With this framework in mind, we turn to the facts of this case. On May 25, 2011, following civil service testing and ranking, the City established a promotional list for the positions of Fire Captain and Fire Lieutenant that was set to expire by operation of law on May 25, 2013 (hereafter, the May 2011 list), two years from the date it was established. The City thereafter promoted 35 employees into the position of Fire Captain and 78 into the position of Fire Lieutenant from the list, leaving 82 individuals on the list for the position of Fire Captain and 140 on the list for Fire Lieutenant.

Near the end of the May 2011 list's two-year term, an additional 17 positions became vacant. The City, however, declined to fill these vacancies through utilization of the May 2011 list. Instead, on May 3, 2013, the Director of Public Safety announced at a City Council hearing the City's decision to await the expiration of the May 2011 list by operation of law in three weeks' time, and to fill the vacancies with the top-ranking candidates from the next promotional list. This new list was to be established following civil service testing and ranking after May 25, 2013.[2] The Director of Public Safety explained that the City wanted to allow the May 2011 list to expire because the candidates who remained on the list were ranked near the bottom, and the City would prefer to choose the highest ranked candidates from a new list.[3]

---

[2] By May 13, 2013, a new civil service examination had been given, and the City was in the process of creating a new promotional list for the positions of Fire Captain and Fire Lieutenant.

[3] As further background relevant to this current legal dispute, the City and Union are parties to a collective bargaining agreement pursuant to Act 111, 43 P.S. § 217.1-217.10. Prior to the instant litigation, the Union submitted a set of proposals as part of its interest arbitration process with the City, specifically requesting that the City be required to fill all vacancies within 60 days, or, where a vacancy arose within 60 days of (…continued)

Dissatisfied with the City's intended course of conduct in this regard, on May 13, 2013, the Union filed an emergency motion in the Philadelphia Court of Common Pleas for preliminary injunction or for peremptory judgment in mandamus directing the City to promote immediately six Union members to Fire Captain and 11 to Fire Lieutenant from the May 2011 list.[4]  The City responded that it was not legally required to fill vacancies before the May 2011 list expired.

The trial court heard oral argument on the Union's emergency motion for preliminary injunction and mandamus on May 14, 2013.  Following oral argument, the court entered an order granting the Union peremptory judgment in mandamus and directing the City to fill vacancies for the positions of Fire Captain and Fire Lieutenant prior to May 25, 2013.  The trial court relied on Section 7-401(e) of the Home Rule Charter to hold that vacancies must be filled by promotion at the first possible opportunity rather than at the City's discretion.  Finding no impediment preventing the City from doing so, and specifically finding that the vacancies at issue were already "budgeted," the trial court found that peremptory judgment in mandamus was appropriate to compel the performance of the ministerial act of immediately promoting

(continued…)

the expiration of an active promotional list, before the list expired.  The Union's proposal was rejected, and interest arbitration resulted in two awards setting forth the City's management rights, including the right to determine selection and direction of personnel.

[4]     Mandamus relief is proper only where the petitioner demonstrates a clear legal right in the petitioner; a corresponding duty in the respondent; and the absence of any other appropriate or adequate remedy.  Equitable Gas Co. v. City of Pittsburgh, 488 A.2d 270, 272 (Pa. 1985).

candidates from the promotional list, and to vindicate the Union's clear legal right to this relief.[5]

The City appealed to the Commonwealth Court, arguing that the trial court erred because neither the Home Rule Charter nor the Civil Service Regulations require vacancies to be filled immediately; rather, they merely mandate that when the positions are filled, it must be by promotion as opposed to outside hiring. The City further argued that mandamus relief was inappropriate because the Fire Commissioner has discretion to decide whether or when to promote candidates and, therefore, the promotion process does not involve a ministerial act by the City or a clear legal right to relief for the Union.

The Commonwealth Court agreed with the City, reversed the trial court's order, and remanded to the trial court to dismiss the Union's complaint. Philadelphia Firefighters' Union v. City of Philadelphia, 78 A.3d 16 (Pa.Cmwlth. 2013). Examining Sections 7-401(e) of the Home Rule Charter and 9.021 of the Civil Service Regulations, the Commonwealth Court interpreted them to mean that promotion from the promotional list is the required method of filling vacancies (unless the vacancy is filled by demotion, transfer, reinstatement, or from a layoff list, in accord with Regulation 9.021), and found nothing in these provisions requiring promotion as soon as a position becomes vacant.

Additionally, the Court found nothing to prevent the City from allowing an old list to expire so that it could promote individuals from a new list, and nothing that granted candidates on a particular list a right to be promoted into a vacancy. Finally, the Commonwealth Court observed that the Civil Service Regulations gave the Commissioner discretion in deciding when to promote employees or to fill vacancies.

---

[5]     Upon the trial court's grant of relief to the Union, the City promoted several Union members into the positions of Fire Captain and Fire Lieutenant, and informed them that their promotions were subject to the City's appeal. The promoted Union members took the civil service examination for placement on the promotional list, but did not pass.

Phila. Civil Serv. Reg. 10.022 ("[e]ligible candidates *may* be certified and appointed at any time after the list has been established until the list expires or is exhausted or cancelled.") (emphasis added); 11.04 (providing the procedure to be used where the appointing authority, here, the Commissioner, decides to fill more than one vacancy at a time). Because there was no right to a promotion, and the promotion of individuals from a promotional list is not a ministerial act, the Commonwealth Court held the trial court erred in granting mandamus relief.

Upon further appeal by the Union, we granted allowance of appeal to decide two issues: Whether the Commonwealth Court's decision is inconsistent with similar decisions of that court involving the Philadelphia Home Rule Charter and Civil Service Regulations; and whether the Commonwealth Court disregarded the continued viability of the Civil Service public employment system. Philadelphia Firefighters' Union v. City of Philadelphia, 91 A.3d 1235 (Pa. 2014).

Relying first on the Home Rule Charter, 351 Pa.Code § 7.7-401 ("[v]acancies shall be filled by promotion whenever possible."), the Union argues that once a vacancy exists, that vacancy must be filled immediately through the civil service process. According to the Union, the Civil Service Regulations likewise require vacancies to be filled immediately by promotion (if they are not filled by other specified means). Phila. Civil Serv. Reg. 9.021 ("[u]nless vacancies are filled by demotion, transfer, reinstatement, or by certification from a layoff list, they shall be filled so far as practicable by the promotion of permanent employees in the Civil Service."). Because, according to the Union, it was both possible and practicable for the City to fill the vacancies by promotion, it argues the City had no discretion to simply allow the vacancies to remain unfilled until a new promotional list was established.

The Union also attempts to undermine the Commonwealth Court's holding on policy grounds, arguing that the civil service system exists to limit and control employment premised on favoritism, cronyism, and discrimination by maintaining objectivity in employment decisions. Under the Commonwealth Court holding, according to the Union, the Fire Commissioner could keep vacancies open for any length of time, years or decades in fact, for the sole purpose of awaiting the appearance of a desired candidate on an eligibility list. Addressing the City's suggestion that individuals from the top of a new list would be better candidates than those at the bottom of the expiring list, the Union argues that every candidate who was on the May 2011 list was there because the City deemed them objectively qualified.

The Union argues that the Commonwealth Court decision in this case is inconsistent with Walls v. City of Philadelphia, 646 A.2d 592 (Pa.Cmwlth. 1994). In Walls, the City and a group of civil service applicants agreed to extend a promotional list to three years. Another group of applicants challenged this decision, arguing that the promotional list expired by operation of law after two years. The trial court ordered the City to cease using the list and create a new one, agreeing that the old list had expired after two years. On appeal, the Commonwealth Court affirmed, examining the Philadelphia Home Rule Charter and Civil Service Regulations and finding no exception to the two-year mandatory expiration. The Union characterizes Walls as the Commonwealth Court's rejection of the City's "attempt to dodge specific mandates of the civil service regulations." Union's brief at 9.

The Union argues that the Commonwealth Court decision in this case was also contrary to City of Philadelphia v. Fraternal Order of Police, Lodge No. 5, 574 A.2d 123 (Pa.Cmwlth. 1990). There, the trial court and the Commonwealth Court concluded that the City was required to rank civil service candidates based on their test results, rather

than randomly by a computer, holding that the Charter and Civil Service Regulations clearly required competitive civil service selection based on relative fitness. The Union asserts that as in FOP Lodge No. 5, the City here is improperly attempting to make up its own rules and disregard the Charter and Civil Service Regulations.

The City responds by arguing that there is no clear legal right to a promotion or a corresponding duty in the City to make immediate promotions; therefore, the Commonwealth Court properly held that the Union was not entitled to mandamus relief. See, e.g., Equitable Gas Co. v. City of Pittsburgh, 488 A.2d 270, 272 (Pa. 1985). The City relies on various provisions of the Home Rule Charter and the Civil Service Regulations to support this position.

Specifically, the City argues that the Home Rule Charter does not provide a clear legal right to a promotion. Examining Section 7-401(e) as the primary Charter provision on which the Union relies, the City asserts that its direction that "[v]acancies shall be filled by promotion whenever possible. . . ." does not mean that vacancies are to be filled immediately by promotion; rather, as the Commonwealth Court found, the City contends this provision mandates only that when vacancies are filled, they are to be filled by promotion as opposed to outside hiring. It supports this argument by referring to the annotation to subsection (e), which provides that "[p]romotion upon merit and other recognized bases is an important incentive for achievement and continued municipal service and employment." 351 Pa.Code § 7.7-401, Annot. (Purposes). According to the City, this annotation demonstrates that promotion is the favored method of filling vacancies so that career tracks are created and municipal employees can strive for advancement without fear of being passed over in favor of outside hiring.

Examining the context of the rest of Section 7-401, the City argues that the entire provision is dedicated to the manner of hiring, firing, and promoting, rather than to the

decision of whether or when to hire, fire, or promote. See 351 Pa.Code § 7.7-401(a) (preparation and creation of position classifications); § 7.7-401(b) (calling for the creation of a pay scale); § 7.7-401(c) (creation of open examinations); § 7.7-401(d) (the establishment of certain preferences in entrance examinations); § 7.7-401(f) (the establishment of promotional lists); § 7.7-401(g) (the rejection of candidates); § 7.7-401(h) (certification of two candidates for a position); § 7.7-401(i) (identification of employees); § 7.7-401(j) (the establishment of a six month probationary period); § 7.7-401(n) (performance ratings for employees); § 7.7-401(p) (calling for suspensions that are limited to thirty days); § 7.7-401(q) (discharge or demotion).

Taking a broader view of City-wide fiscal responsibility, the City argues that a number of reasons regularly exist that preclude immediate expenditure of budgeted dollars, and the Home Rule Charter gives the Mayor and his Director of Finance unreviewable authority not to spend appropriated funds. See 351 Pa.Code § 8.8-102 (authorizing the Mayor and the Director of Finance not to spend appropriated funds to avoid deficits and as a check on performance); id. § 4.4-101(e) (requiring the Mayor to prevent deficits).

Addressing the Civil Service Regulations promulgated in accord with the Home Rule Charter, the City argues that, like the Charter, the regulations contain no requirement that the City immediately fill vacant positions. Rather, they merely address the manner of filling vacancies. Specifically examining the requirement in Regulation 9.021 (providing that unless vacancies are filled by demotion, transfer, reinstatement, or from a layoff list, they "shall be filled so far as practicable" by promotion), the City argues that it mirrors Section 7-401(e) of the Home Rule Charter by establishing a preference for promotion rather than hiring from outside.

Further, according to the City, neither the regulations nor the Charter require that a particular promotional list be exhausted before a new list is established, or that promotions must occur before an old list expires. Rather, the City posits that the purpose of expiring a promotional list after two years is to provide employees reasonable opportunity for advancement and to replenish the list periodically with the most competent candidates for promotion. See 351 Pa.Code § 7.7-401(f) (Annon) ("The one year minimum is imposed so that examinees will have a reasonable opportunity for employment. A two year maximum is necessary so that lists shall be replenished periodically with the names of the most competent candidates available for employment."); Phila. Civil Serv. Reg. 10.071 ("When a more recent list has been established for a class, the Director may determine that a previous non-continuous or periodic list for that class, which is more than one year old, shall be canceled and replaced by the more recently established list, or consolidated. . . .").

Turning to whether promotions are a ministerial act or duty, the City argues that they are not, and asserts that the Commissioner has discretion about when to fill vacancies. According to the City, the Commissioner has discretion to decide whether to spend appropriated funds, to conserve resources for future use, how to apportion funds in the first instance, how many positions are needed, and how to structure his supervisory and management team. The City further asserts that the Commissioner must exercise his own judgment and opinion as to whether a promotion is proper; whether a particular candidate should be promoted, rejected, rejected twice and not considered again, or whether that person should remain in the position following the six-month probationary period. Phila. Civil Serv. Reg. 11.03, 11.04, 11.05, 14.01.

Additionally, the City asserts that other City officials have independent review over promotions the Commissioner chooses to make. For example, no promotion

becomes final until the candidate is deemed medically fit, Phila. Civil Serv. Reg. 9.1413, 9.1415, 11.033, 11.0331, or until the Director of Human Resources determines that the promotion was in accord with the Civil Service Regulations, id., 11.11, 11.12. Even when a promotion has been anticipated and accounted for in the budget, it must be approved by the Finance Director as being within the City's finances and appropriations. See 351 Pa.Code. § 6.6-100, 6.6-106, 8.8-102. These approvals require, to some extent, the exercise of discretion which, according to the City, defeats the Union's entitlement to mandamus relief.

Finally, the City argues that the Commonwealth Court's decision in this case is consistent with prior cases that have held a trial court exceeds its authority and improperly invades a department's discretion when it orders a city to make promotions from a promotional list. Trosky & Gregorchik v. Civil Service Comm'n v. City of Pittsburgh, 652 A.2d 813, 818-19 (Pa. 1995); Walls.

Peremptory judgment in mandamus is an extraordinary remedy utilized "to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." Philadelphia Newspapers, Inc. v. Jerome, 387 A.2d 425, 430 n.11 (Pa. 1978). A ministerial act is one which a public officer is "required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." County of Allegheny Deputy Sheriff's Ass'n v. County of Allegheny, 730 A.2d 1065, 1067-68 (Pa.Cmwlth. 1999). A writ of mandamus cannot issue to "compel performance of a discretionary act or to govern the manner of performing [the] required act." Fagan v. Smith, 41 A.3d 816, 817 (Pa. 2012). A clear legal right to relief is shown where the right to require performance of the act is clear, Shroyer v. Thomas, 81 A.2d 435, 436 (Pa. 1951), and a corresponding duty is shown

where the governing law contains directory language, requiring that an act shall be done. Stork v. Sommers, 630 A.2d 984, 986-87 (Pa.Cmwlth. 1993). A ministerial act admits of "no discretion in the municipal officer[.]" Llormer v. Bowen, 188 A.2d 747, 750 (Pa. 1963). A want of any other adequate remedy is established where there is no alternative form of relief. Styers v. Wade, 372 A.2d 1236, 1238 (Pa.Cmwlth. 1977).

Mindful that mandamus is an extraordinary remedy dependent on a clear legal right in the plaintiff, here, the Union, we agree with the City and the Commonwealth Court that while the Commissioner is required to fill vacancies in the manner prescribed by the Home Rule Charter and the Civil Service Regulations, neither the Charter nor the Regulations speak to the timing of promotions or otherwise create a clear legal right to a promotion.

To support its legal right to immediate promotion whenever a vacancy arises, the Union relies on Section 7-401(e) of the Home Rule Charter ("[v]acancies shall be filled by promotion whenever possible. . . .") and Civil Service Regulation 9.021 ("[u]nless vacancies are filled by demotion, transfer, reinstatement, or by certification from a layoff list, they shall be filled so far as practicable by the promotion of permanent employees in the Civil Service."). These provisions, however, read in isolation or in context, indicate that when vacancies are filled, the City is required to fill them by promotion as opposed to another method of hiring, such as hiring from the outside. Use of the phrases "whenever possible" and "so far as practicable" modify the manner of filling vacancies, *i.e.*, by promotion. They emphasize that the preferred method of doing so is by promotion, and direct that only when promotion is not possible or practicable can the City consider other methods of filling a vacancy.

The annotation to Section 7-401(e) of the Home Rule Charter supports this conclusion, providing that promotion is an important incentive for achievement and

continued municipal employment. Its emphasis is upon the significance of promotion in municipal employment, rather than on filling vacancies as soon as they arise. Reading Section 7-401(e) together with its annotation establishes that whenever possible the City should prioritize promotion and career advancement of municipal employees when it fills vacancies. Civil Service Regulation 9.021 restates this preference, placing promotion behind demotion, transfer, reinstatement, and from a layoff list as the sanctioned methods for filling vacancies.

In addition to failing to establish a clear legal right to relief, the Union has failed to establish a corresponding duty in the City. As established above, neither Section 7-401(e) of the Home Rule Charter nor Civil Service Regulation 9.021 require the City to fill vacancies immediately, and no other provision of the Charter or regulations imposes such a requirement upon the City. There is no imperative that the City exhaust a promotional list before establishing a new list, or that promotions must occur from a particular list before it expires. Rather, the City is required to expire a list after two years to provide employees "reasonable opportunity for employment" and to replenish lists with "the names of the most competent candidates available for employment." 351 Pa.Code § 7.7-401(f); Phila. Civil Serv. Reg. 10.071. Moreover, the regulations provide that the City "may" certify and appoint eligible candidates at any time after a list is established until it expires. Phila. Civil Serv. Reg. 10.022. The regulation does not require the City to do so, nor does it contemplate promotion by a certain date.

Our conclusion that the Union is not entitled to mandamus relief is consistent with our precedent and that of the Commonwealth Court. In Trosky, two police officers claimed they were improperly removed from a promotional list. 652 A.2d at 813-16. The officers asserted that the only proper remedy was promotion, because the list from which their names had been improperly removed had expired. The trial court agreed

and ordered the City of Pittsburgh to promote them. The Commonwealth Court affirmed.

Before this Court, the City of Pittsburgh argued that promotion was not the proper remedy because it infringed on the Public Safety Director's discretion and put the officers in a better position than they would have been in if their names had not been struck. Considering the appropriate remedy, we agreed with the City of Pittsburgh that, given the discretion vested in the Public Safety Director, if the two officers' names had remained on the promotional list, it was not certain they would have been promoted, as the Public Safety Director could have chosen to pass them over. Id. at 817. We held that the relief ordered by the trial court "had the effect of interfering with the decision-making authority accorded by statute to the Public Safety Director," who may have exercised his discretion not to promote the two officers, and was ordered "without regard to the administrative consequences of such action." Id. at 818. We directed the City of Pittsburgh to put the officers back on the promotional list, make promotions in accord with established procedures, and ensure that any unsuccessful candidate was given the opportunity to be placed on the next promotional list by sitting for the required examination. Id. at 820. Trosky therefore recognized the managerial discretion inherent in the timing of making promotions.

Moreover, both Commonwealth Court cases relied upon by the Union stand for the unremarkable proposition that the City cannot disregard the civil service regulations. In Walls, the City and a group of civil service applicants agreed to extend a promotional list beyond the two years provided for in the civil service regulations. 646 A.2d at 594. Another group of applicants challenged this decision, arguing that the list expired after two years by operation of law. Id. The trial court agreed, ordering the City to disregard the old list, and to conduct a new promotional examination "forthwith." Id. at 595. On

appeal, the Commonwealth Court examined the Home Rule Charter and the Civil Service Regulations and agreed with the trial court that there was no exception to the two-year mandatory expiration of promotional lists. Id. at 595-96. The Commonwealth Court held, however, that the appropriate remedy was not to order immediate administration of a new promotional exam, because the timing and scheduling of examinations is a matter within the discretion of the Director of Human Resources. Rather, the Commonwealth Court stated that the Director "may now, at any time, reschedule another examination wherein the parties . . . would have the same opportunity to participate and compete." Id. at 596-97. See also City of Philadelphia, 574 A.2d 126-27 (holding that because the Home Rule Charter requires examinations that test the relative fitness of applicants for the position of police officer, the City's institution of a new procedure that ranked applicants on an eligibility list in random order was contrary to this requirement and, therefore, legally improper).

Because there is no right to be promoted and no requirement that the City make promotions as soon as positions become vacant, the Commonwealth Court properly concluded that the trial court erred in granting mandamus relief to the Union. The order of the Commonwealth Court is affirmed.

Mr. Chief Justice Saylor, Mr. Justice Eakin and Madame Justice Todd join the opinion.

Mr. Justice Stevens files a concurring opinion.